USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

WALTER F. HAUSDORF,

                Plaintiff,

-v-

NEW YORK CITY DEPARTMENT OF EDUCATION;
PRINCIPAL NAMITA DWARKA; ASSISTANT
PRINCIPAL VASILIOS MANOLIOS; ATHLETIC
DIRECTOR PETER CARDONE,

                Defendant(s).

------------------------------------------------------------X

17 Civ. 2115 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

In a thoughtful and comprehensive January 25, 2018 Report & Recommendation ("Report"), the Honorable Sarah Netburn, United States Magistrate Judge, recommended that this Court grant in part and deny in part the Department of Education's ("DOE") motion to dismiss and dismiss without prejudice the claims against the individual defendants. As explained below, the Court adopts that recommendation in full.

I.     Background

Walter F. Hausdorf, a retired teacher and coach in the New York City public schools, brought this action against administrators at the William Cullen Bryant High School and the Department of Education, alleging that they discriminated against him on the basis of his age in violation of the Age Discrimination in Employment Act of 1967 (ADEA) and the New York City Human Rights Law (NYCHRL). *See* Dkt. 2 ("Complaint"). Mr. Hausdorf retired from teaching in 2014, after 34 years of service, but remained the Girls' Varsity Softball Coach. *Id.* at 15.

1

As detailed in Judge Netburn's Report, Mr. Hausdorf alleges repeated episodes of mistreatment in the years following his 2011 request to be promoted to the position of Coordinator of Affairs. *See* Report at 2. Mr. Hausdorf also alleges that, after his retirement from teaching in 2014—but while he remained the coach of the softball team—he was subject to repeated harassment by school administrators. *See id.* at 2–3.

On July 19, 2017, the Department of Education moved to dismiss Mr. Hausdorf's complaint. *See* Dkts. 12–14. On August 18, 2017, Mr. Hausdorf submitted his brief in opposition. Dkt. 17. On August 30, 2017, the DOE submitted its reply. Dkt. 18.

On October 5, 2017, this Court issued an amended order of reference, referring the motion to dismiss to the Honorable Judge Netburn for a Report & Recommendation. Dkt. 20.

On January 10, 2018, Judge Netburn issued an order directing Mr. Hausdorf to explain—by January 17—whether service had been effected on the individual defendants and, if so, to file proof of such service with the Court. Dkt. 21. Judge Netburn explained that, if Mr. Hausdorf had not served the individual defendants and could not establish good cause for that failure, the Court might dismiss his claims against the individual defendants, without prejudice, for failure of service, pursuant to Federal Rule of Civil Procedure 4(m). *Id.*

On January 17, Mr. Hausdorf submitted a letter, in which he stated, "After researching the matter further, I have decided not to pursue the claims against the individuals associated with this case, however, I would like to pursue my federal claim against the DOE." Dkt. 22.

On January 25, 2018, Judge Netburn issued the Report. Dkt. 23. The Report recommends dismissing without prejudice all claims against the individual defendants, based on Mr. Hausdorf's decision not to serve those defendants. *Id.* at 4. As to the DOE, the Report recommends (1) dismissing all but two of Mr. Hausdorf's claims under the NYCHRL because

2

Mr. Hausdorf elected to pursue those claims through an administrative proceeding with the New York State Division of Human Rights (SDHR), *id.* at 5–7; (2) dismissing the final NYCHRL claims because Mr. Hausdorf failed to satisfy a jurisdictional state-law notice requirement, *id.* at 7–8; (3) dismissing Mr. Hausdorf's ADEA claims predating July 28, 2015 as time barred, *id.* at 10; and (4) dismissing Mr. Hausdorf's hostile work environment claims for failing to allege the type of harassment that might create a hostile environment, *id.* at 17. However, the Report recommends denying the DOE's motion to dismiss as to (1) Mr. Hausdorf's claim that the DOE discriminated against him in violation of the ADEA by cancelling his Saturday games, denying him additional practice time, giving him an unsatisfactory rating, and refusing to rehire him; and (2) Mr. Hausdorf's claim that the DOE retaliated against him for his May 2016 complaint with the SDHR.

The parties' deadline by which to submit objections to the Report was February 8, 2018. *See id.* at 21. Neither party filed any timely objections. As discussed briefly below, Mr. Hausdorf has submitted a letter which, although neither timely nor an objection, the Court nevertheless addresses.

## II. Legal Standards

After a magistrate judge has issued a Report and Recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept the portions of a report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Acevedo v. Lempke*, No. 10 Civ. 5285 (PAE) (HBP), 2014 WL 4651904, at *3 (S.D.N.Y. Sept. 17, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)). When a timely and specific objection has been made, the court is obligated to review the contested issues *de novo*. *See id.*; Fed. R. Civ. P. 72(b)(3);

3

*Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998). But when the objections simply reiterate previous arguments or make only conclusory statements, the court should review the Report and Recommendation for clear error. *Dickerson v. Conway*, No. 08 Civ. 8024 (PAE) (FM), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *see also Kirk v. Burge*, 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009) (collecting cases). Further, "[c]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011); *see also Pan Am. World Airways v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40 n.3 (2d Cir. 1990) ("A district judge is not required to hear or rehear any witness, and Pan Am had no right to present further testimony when it offered no justification for not offering the testimony at the hearing before the magistrate.").

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006).

## III. Analysis

Because no timely objection has been made, this Court "need only satisfy itself that there is no clear error on the face of the record." *Acevedo v. Lempke*, No. 10 Civ. 5285 (PAE) (HBP), 2014 WL 4651904, at *3 (S.D.N.Y. Sept. 17, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)). The Court finds no error—clear or otherwise—in Judge Netburn's thoughtful Report.

Accordingly, the Court dismisses all but two of Mr. Hausdorf's NYCHRL claims under the election-of-remedies doctrine. Report at 6; *see York v. Ass'n of the Bar of City of N.Y.*, 286 F.3d 122, 127 (2d Cir. 2002). As to the other NYCHRL claims—regarding Mr. Hausdorf's

4

unsatisfactory June 2016 rating and the decision not to rehire him as a softball coach—the Court dismisses those claims pursuant to the notice requirement of Section 3813(1) of New York Education Law. Report at 7.

Because both the election-of-remedies doctrine and the Education Law's notice requirement are jurisdictional, the Court's dismissal is pursuant to Rule 12(b)(1), not 12(b)(6). *See McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 74 n. 3 (2d Cir. 2010) ("[A] state law depriving its courts of jurisdiction over a state law claim also operates to divest a federal court of jurisdiction to decide the claim.") (internal citation and quotation marks omitted); *Moodie v. Federal Reserve Bank*, 58 F.3d 879, 882 (2d Cir. 1995) (holding election of remedies jurisdictional); *Higgins v. NYP Holdings, Inc.*, 836 F. Supp. 2d 182, 187 (S.D.N.Y. 2011) (same); *Berkowitz v. E. Ramapo Cent. Sch. Dist.*, 932 F. Supp. 2d 513, 528 (S.D.N.Y. 2013) (notice of claim provision jurisdictional). The Court's dismissal for lack of jurisdiction is necessarily without prejudice.

The Court also dismisses Mr. Hausdorf's claims based on events predating July 28, 2015. Report at 10. Mr. Hausdorf filed a charge with the EEOC on May 23, 2016. *See* Dkt. 2 at 2; Report at 10. Claims based on acts that occurred more than 300 days prior to that date are time barred. *See* Report at 9; *Brodsky v. City Univ. of New York*, 56 F.3d 8, 9 (2d Cir. 1995). The ADEA's "administrative filing period . . . is not jurisdictional, but more akin to a statute of limitation." *Haghpassand v. Reuters Am. Inc.*, 120 F. App'x 859, 862 (2d Cir. 2005). The Court's dismissal, therefore, is pursuant to Rule 12(b)(6). And because no amendment of the complaint could alter the date on which Mr. Hausdorf filed his EEOC charge, the Court's dismissal to those time-barred claims is with prejudice.

Finally, the Court dismisses Mr. Hausdorf's hostile work environment claims under Rule 12(b)(6). *See* Report at 16–17. As the Report details, Mr. Hausdorf's claims of workplace harassment do not rise to the level of hostility sufficient to state a claim for discrimination based on a hostile work environment under the ADEA. *See id.*; *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 240 (2d Cir. 2007).

Mr. Hausdorf's ADEA discrimination and retaliation claims, however, are adequately pled to survive a motion to dismiss. The Court accordingly denies the DOE's motion to dismiss those claims. As the Report describes, Mr. Hausdorf has alleged several adverse employment actions. Although some alleged actions were "mere inconveniences," Report at 12, the cancellation of Mr. Hausdorf's Saturday games and the denial of his practice time—causing him to lose additional wages he would have otherwise earned—were, as alleged, material, *id.* at 13. Allegations of an unsatisfactory June 30, 2016, evaluation rating and a decision not to rehire Mr. Hausdorf for the 2016–17 school year are also sufficiently material. *Id.* And as the Report lucidly explains, Mr. Hausdorf has plausibly alleged that his age was a but-for cause of these actions. *See id.* at 13–16. Mr. Hausdorf's retaliation claim is also plausibly pled. As the Report explains, Mr. Hausdorf plausibly alleged retaliation based on his May 2016 complaint to the SDHR. *Id.* at 19. Accordingly, for the reasons stated in the Report, the Court denies the DOE's motion to dismiss Mr. Hausdorf's discrimination and retaliation claims.

Finally, the Court addresses Mr. Hausdorf's February 5, 2018 letter to Judge Netburn. Mr. Hausdorf "respectfully requested that [his] state and city law claims be reinstated against the individual defendants in my case under a theory of retaliation." Dkt. 24. The letter does not provide any proof that Mr. Hausdorf has served the individual defendants, nor offer any explanation for his continued delay in effecting service. Nor does it explain why the claims

should be "reinstated," despite Mr. Hausdorf's January 17, 2018 letter disclaiming continued interest in pursuing these claims. *See* Dkt. 22. The Court thus adopts Judge Netburn's recommendation, *see* Report at 4, to dismiss Mr. Hausdorf's claims against the individual defendants without prejudice, *see* Fed. R. Civ. P. 4(m). In the event Mr. Hausdorf believes he has viable retaliation claims against the individual defendants, he is at liberty to pursue those claims.

## CONCLUSION

For the foregoing reasons, the Court adopts the Honorable Judge Netburn's Report & Recommendation in whole. The parties are directed jointly to submit by February 23, 2018 a revised case management plan for the resolution of the remaining claims in this action.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: February 14, 2018
New York, New York